IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02354-BNB

VICTOR TEON LINDSEY II,

    Applicant,

v.

ATTORNEY CESAR PIERCE VARELA, and
WARDEN CHARLES R. DANEIL, USP Prison Bureau, Florence Federal Prison, a corporate entity and holder of the key,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

    Applicant, Victor Teon Lindsey II, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Lindsey, acting **pro se**, initiated this action by filing a document titled "Petition for Emergency Writ of Habeas Corpus." He paid the $5.00 filing fee. On September 13, 2011, the Court directed him to file an amended application on the Court-approved form for an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On November 3, 2011, Mr. Lindsey filed the amended habeas corpus application.

    The Court must construe Mr. Lindsey's filings liberally because he is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr.

Lindsey will be ordered to file a second amended application.

The Court has reviewed the amended application and finds that it is deficient. Mr. Lindsey names an improper Respondent, i.e., Attorney Cesar Pierce Varela, in the caption of the amended application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, the only Respondent who should be listed in the second amended application that Mr. Lindsey will be directed to file is the warden of the facility in which Applicant is housed.

In addition, Mr. Lindsey fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. **See** Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lindsey appears to be attacking the execution of his sentence. However, the amended application fails to state any claims but rather refers to attachments that are

verbose and confusing. The Court is not responsible for reviewing any attached documents submitted by Mr. Lindsey to determine what claims and specific supporting facts he intends to raise in this action. Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Lindsey must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." Rule 1(b) of the Section 2254 Rules applies the rules to § 2241 habeas corpus actions. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Although Mr. Lindsey's application fails to comply with Fed. R. Civ. P. 8, Mr. Lindsey will be given an opportunity to file a second amended application that alleges clearly on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim.

Accordingly, it is

ORDERED that Applicant, Victor Teon Lindsey, II, file, **within thirty days from the date of this order**, a Second Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that names the proper Respondent and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order. It is

FURTHER ORDERED that Mr. Lindsey shall obtain the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Lindsey fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action will be dismissed without prejudice and without further notice.

DATED November 9, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge